IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**HANCOCK BANK,**

    **Plaintiff,**

vs.                                                         CASE NO.   3:11-cv-00113-RV-MD

**LARRY E. REEDER, AS SUCCESSOR INTERIM
TRUSTEE UNDER THE COLEMAN L. KELLY
TESTAMENTARY TRUST; REGATTA BAY MANOR, LTD.;
HARBOR VIEW PROPERTIES OF DESTIN, INC. F/K/A
LEGENDARY DEVELOPMENT CORPORATION; REGATTA
BAY COMPANY; AND LAWRENCE P. BUSH;**

    **Defendants.**

---

**FINAL JUDGMENT IN FAVOR OF HANCOCK BANK
AND FINAL JUDGMENT OF FORECLOSURE**

THIS CAUSE came before the Court upon the Motion for Summary Judgment (the "Motion") filed by HANCOCK BANK ("Plaintiff"), whose municipal address is 1022 West 23rd Street, Panama City, Florida, 32405.  Defendants, LARRY E. REEDER, as SUCCESSOR INTERIM TRUSTEE UNDER THE COLEMAN L. KELLY TESTAMENTARY TRUST (hereinafter individually, collectively and interchangeably referred to as the "Trustee", "Trustees", and/or the "Trust"; any reference to the Trustee, Trustees, or Trust shall include, without limitation, all amendments and/or restatements of Coleman L. Kelly Testamentary Trust, and all predecessor trustee(s) of the Coleman L. Kelly Testamentary Trust together with all amendments and/or restatements), whose address is 24 NE Walter Martin Drive, Ft. Walton Beach, FL, 32548; REGATTA BAY MANOR, LTD., a Florida limited partnership ("RB Manor"), whose address is 1431 Riverplace Blvd., Suite 910, Jacksonville, FL, 32202; HARBOR VIEW PROPERTIES OF DESTIN, INC., a Florida corporation F/K/A LEGENDARY DEVELOPMENT CORPORATION ("Harbor View"), whose address is c/o 600 E. Gregory Street, Pensacola, FL 32502; and REGATTA BAY COMPANY, a Florida corporation ("Regatta Bay"), whose address is 1431 Riverplace Blvd., Suite 910, Jacksonville, FL, 32202 (hereinafter the Trust, RB Manor, Harbor

View, and Regatta Bay may be collectively, individually and interchangeably referred to as "Defendants"), have been properly served and/or waived service of process, and have either filed an answer through their attorney(s) of record or have been defaulted for failure to file an answer. This Court, having noted that Lawrence P. Bush has been dropped as party defendant to this action, and being fully advised and having considered the arguments, pleadings, applicable law and evidence before the Court finds that Plaintiff has sustained the allegations of the Complaint against the Defendants; and Plaintiff is entitled to the relief prayed for, and that the Court has jurisdiction to grant same.  It is, therefore,

ORDERED AND ADJUDGED as follows:

1.This Court has jurisdiction of the parties in this cause and the subject matter hereof and has jurisdiction to render this judgment; further, that the allegations contained herein have been proved by competent evidence, and there are no material issues of fact or law and this Final Judgment is in satisfaction of all remaining counts (i.e. Counts 1 and 2) of the Complaint.

2.That the equities of this cause are with the Plaintiff and against the Defendants.

AS TO COUNT 1 (Foreclosure of the Mortgage) and COUNT 2 (Suit on the Note):

3.That Plaintiff recover from Defendant, Trustees, the following amounts due under the promissory note and mortgage sued upon:

| | |
|---|---|
| Principal | $1,424,402.55 |
| Interest through February 27, 2011 | $    80,300.89 |
| Interest from February 28, 2011 through July 15, 2011 | $    93,561.41 |
| Late Charges | $      2,839.93 |
| Fees | $         192.37 |
| Subtotal | $1,601,297.15 |
| Foreclosure Costs: | |
| Clerk's filing fee | $         350.00 |
| Recording Fees | $           52.50 |

| | |
|---|---:|
| Service of process fees | $ 434.20 |
| Title search costs | $ 150.00 |
| Westlaw Research | $ 492.00 |
| Subtotal | $1,602,775.35 |

plus all attorneys' fees and costs associated with the above-styled action, with interest continuing to accrue on the unpaid principal balance from and after July 15, 2011 at the daily default rate of $682.93 until the date of this judgment, plus interest at the post-judgment rate interest rate pursuant to 28 U.S.C. §1961, from the date of this judgment until paid, plus any further sums in connection herewith, for all of which let execution issue.

AS TO COUNT 1 (Foreclosure of Mortgage):

    4.    Plaintiff holds a lien for the amount equal to the indebtedness described in paragraph 3 above upon the property covered by that certain Mortgage and Security Agreement, dated March 22, 2001, executed by the Trustees, which Mortgage was recorded on the 5th day of April, 2001, in Official Records Book 2289, Page 451 of the Public Records of Okaloosa County, Florida, and re-recorded in Official Records Book 2303, Page 3100 of the Public Records of Okaloosa County, Florida, and re-recorded in Official Records Book 2306, at Page 1 of the Public Records of Okaloosa County, Florida, as thereafter assigned to Plaintiff pursuant to that certain Assignment of Note, Mortgage and Loan Documents, dated December 18, 2009, and recorded on the 19th day of May, 2010, in Official Records Book 2936, Page 915 of the Public Records of Okaloosa County, Florida (collectively the "Mortgage"), which lien is prior, paramount and superior to all rights, claim, title, interest, liens, encumbrances and equities of the Defendants, and all persons, firms or corporations claiming by, through or under them, and any junior lienholders; and that if said indebtedness is not paid said property described in the Complaint and in the Mortgage herein sought to be foreclosed, situate, lying and being in Okaloosa County, Florida, and also described in the <u>Exhibit "A"</u> attached hereto and made a part hereof (the "Property"), the Special Master appointed herein shall sell the Property at public sale at 11:00 A.M. C.D.T. at the front steps

of the Okaloosa County Courthouse Annex, 1250 N. Eglin Parkway, Shalimar, Florida 32579 on the 17th day of October, 2011, to the highest and best bidder or bidders for cash, except as set forth hereinafter, after having first given notice pursuant to 28 U.S.C. §2001-2003.  The Property shall not be sold by the Special Master appointed herein if Plaintiff's duly authorized representative or Plaintiff's counsel is not present at the public sale.

5. Pursuant to Fed. R. Civ. P. 69, the procedures for the sale shall be in accordance with the practice and procedure of the State of Florida as provided in Chapter 45, Fla. Statutes (2010) except that title shall vest in the purchaser at the sale pursuant to a Special Master's Deed issued after confirmation of any sale by the Court.

6. Plaintiff is authorized to bid at the sale and any bid by Plaintiff shall be credit against the indebtedness due to Plaintiff.  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Special Master if Plaintiff is not the purchaser of the Property for sale in accordance with the Order Confirming Sale.  If Plaintiff is the purchaser, the Special Master shall credit Plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.  If a third party is the purchaser at the sale, ten (10%) percent of the bid price by certified check shall be paid at the time of the sale, with the balance to be paid by certified check to the Special Master within twenty-four (24) hours after the sale.

7. Sarah D. Crane, Esq. is appointed Special Master for the purpose of conducting the foreclosure sale called for in the preceding paragraph.  The Special Master is directed to publish a Notice of Sale in accordance with the directions set forth above, and that Notice shall contain reference to this Judgment, a description of the Property to be sold, and the time, place, and terms of the sale.  Upon the sale, the Special Master shall receive proceeds from it and shall, no later than ten (10) days after the sale, file a report of the sale, along with proof of the publication of the Notice of Sale.

8. Upon confirmation by the Court of any sale, if there are no objections to the sale

within ten (10) days of such confirmation, the proceeds of the sale shall be distributed as directed in an Order Confirming the Sale, and the purchaser at the sale shall be entitled to conveyance by a Special Master's Deed, free and clear of all rights of Defendants, and all persons claiming by, through, under, or against Defendants shall stand forever barred and foreclosed of all right, title and interest of whatever kind or nature in and to the Property, and the purchaser shall be entitled to immediate possession of the Property.  The purchaser will pay for and affix any documentary stamps or taxes required for recordation of the Special Master's Deed.

9. **If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Special Master no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.  If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Special Master within ten (10) days after the sale to see if there is additional money from the foreclosure sale**.

10. At any time before the filing of the Special Master's report of the sale, Defendant, Trustees, may cure the indebtedness adjudicated due herein and prevent a foreclosure sale by paying the amount of monies specified in this Judgment, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender, including reasonable attorneys' fees of the Plaintiff. Otherwise, there is no right of redemption.

11. Jurisdiction over this action is retained to enter such further orders as are proper, including, without limitation, and Order Confirming Sale, Writs of Assistance, Possession and Deficiency Judgments; and the Defendants are enjoined and restrained from damaging, molesting, vandalizing or otherwise harming the improvements located on the Real Property described in this

Judgment, or from removing from said property anything affixed to the Real Property in such fashion that it has become part of the realty or improvements, and the Court cautions said Defendants that any violation of this provision by themselves or anyone could subject them to contempt powers of this Court.

12. If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the office of Matthew C. Hoffman, Esquire, of Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, LLC, 801 West Romana Street, Suite A, Pensacola, Florida, 32502, (850) 266-2300, within two (2) working days of your receipt of this Judgment.

DONE AND ORDERED this 7th day of September, 2011.

/s/ *Roger Vinson*
Roger Vinson
Senior United States District Judge